UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>                    Debtor,<br><br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>WILLIAM JANVARY and CLAIRE JANVARY,<br><br>                    Defendants. | NO: CV-12-631-RMP<br><br>Bankr. Case No. 09-06194-PCW11<br><br>Adv. Proc. No. 11-80115-PCW11<br><br>ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE AND SETTING TRIAL DATE |

   This matter comes before the Court on a motion for withdrawal of reference, ECF No. 1.  The Court has reviewed the motion and its attachments and is fully informed.

/ / /

ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE AND SETTING TRIAL DATE ~ 1

## BACKGROUND

This motion arises from adversarial proceedings that began in the Chapter 11 bankruptcy of LLS America, LLC ("LLS"). According to the adversary complaint, LLS allegedly engaged in a "Ponzi" scheme by accepting loans from various parties and using later loans to repay with interest the earlier lenders. The defendants named in the complaint are all alleged to have lent money to LLS and received a return with interest of their funds. The complaint asserts that the payments made by LLS to the lender-defendants constituted fraudulent transfers and that such transfers should be avoided and returned to the bankruptcy estate to be distributed through the bankruptcy process. The court appointed trustee seeks the withdrawal of this Court's automatic referral of this case to the bankruptcy court of this district. The basis for withdrawal is born out of the Court's granting of withdrawal motions filed by defendants in other adversary actions. In light of the uncertainty surrounding the bankruptcy court's jurisdiction, the trustee asserts that this Court should withdraw reference as to the trial and allow the bankruptcy court to proceed on pretrial matters. The Defendants filed no opposition.

## DISCUSSION

The Ninth Circuit recently issued its opinion in *In re Bellingham Insurance Agency, Inc.*, ___ F.3d ___, 2012 WL 6013836 (9th Cir. Dec. 4 2012). In that opinion the court clarified two questions that were left unanswered after the

Supreme Court's decision in *Stern v. Marshal*, 131 S. Ct. 2594 (2011).  First, the circuit court held that bankruptcy courts lack jurisdiction to enter final judgment in fraudulent conveyance actions where the fraudulent conveyance claim will not be fully resolved by the claim allowance process.[1]  *Bellingham*, 2012 WL 6013836, at *8-*9.  Second, the court approved of the procedure under which the bankruptcy court produces proposed findings of fact and conclusions of law with regard to any dispositive motion and those proposals are subject to de novo review in the district court.  *Id.* at *9-*10.  The above-captioned case includes claims for fraudulent conveyance.  Accordingly, final judgment on those claims must be entered by this Court absent the consent of the parties or absent those claims being subject to resolution as part of the claims allowance procedure.  Therefore, there is good cause to grant the trustee's motion, withdrawal the reference to set trial before this Court, and then refer the matter to the Bankruptcy Court for that court to manage pretrial matters and enter proposed findings of fact and conclusions of law as to pretrial dispositive motions.

---

[1] The court noted, however, that the right to adjudication in an Article III court may be waived by the parties.  *Bellingham*, 2011 WL 6013836, at *11-*14.  Accordingly, a fraudulent conveyance action that is finally adjudicated in a bankruptcy court will be given effect where the parties so consent.  *Id.* at *14.

ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE AND
SETTING TRIAL DATE ~ 3

Accordingly, **IT IS HEREBY ORDERED:**

1. The Trustee's Motion to Withdraw Reference, **ECF No. 1**, is **GRANTED.**

2. The Court **WITHDRAWS THE REFERENCE** in the above-captioned case with regard to all defendants and with regard to all causes of action except claim disallowance actions.

3. All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before **March 8, 2013**. Responses shall be filed and served on or before **March 15, 2013**. Such motions will be addressed and resolved at the pretrial conference.

4. A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1(b) shall be filed in the district court on or before **March 28, 2013**, and a copy e-mailed to the Court at petersonorders@waed.uscourts.gov. Plaintiff's trial exhibits are to be numbered 1 through 199; defendant's exhibits 200 and following. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE AND SETTING TRIAL DATE ~ 4

5. Trial briefs and requested voir dire shall be filed in the district court and served on or before **March 28, 2013**.

6. Prior to **March 28, 2013**, the parties shall confer regarding jury instructions.  On or before **March 28, 2013**, the parties shall jointly file in the district court a complete set of jury instructions that contain copies of each instruction on which the parties agree and copies of each instruction that is disputed (i.e., a copy of each party's proposed version, if any, of an instruction on which they do not agree).  All instructions shall be short, concise, understandable, and neutral statements of the law.  Argumentative instructions shall not be submitted or given.  To be complete, the joint set of instructions must include instructions addressing the elements of each claim or defense, and a proposed verdict form.  Instructions need not be submitted on issues that are not unique to this case, such as standard opening and closing instructions.  One copy of each cited proposed instruction shall be filed and emailed to the court at *petersonorders@waed.uscourts.gov*.  *See also* Local Rule 51.1.

7. On or before **March 28, 2013**, each party shall file in the district court and serve a legal memorandum addressing any objections the party has regarding any instructions proposed by any other party.  In their memoranda, the parties shall identify the specific portion of any proposed

ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE AND SETTING TRIAL DATE ~ 5

instruction to which they object and shall concisely state the basis for the objection.  If any of the proposed instructions are modified versions of model instructions, the parties shall identify the modification and legal authority for the modification.  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.  Any objection or proposed instruction for which a good faith basis does not exist may result in sanctions.  The party proposing a disputed instruction may file a memorandum responding to any other party's objections, but must do so on or before **March 28, 2013**.

8. An in-person pretrial conference will be held on **April 9, 2013,** at **9:00 a.m.** in district court in **Spokane**, Washington.

9. The **jury** trial shall commence on **April 22, 2013**, at **9:00 a.m.** in district court in **Spokane,** Washington.

10. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this schedule "shall not be modified except upon a showing of good cause and by leave [of the Court]."  Rule 16(f) of the Federal Rules of Civil

Procedure provides for sanctions for failure to obey the Scheduling Order.

11. The Court **REFERS** the above captioned matter back to the bankruptcy court for that court to address all matters prior to trial, including discovery and dispositive motions and any scheduling orders as are necessary to address pretrial motions. With regard to dispositive motions, the bankruptcy court shall file proposed findings of fact and conclusions of law. This Court will review de novo those matters to which any party has timely and specifically objected. Any final judgment entered pursuant to resolution of a dispositive motion will be entered by this court only after considering the bankruptcy court's proposed findings of fact and conclusions of law. The only exceptions to this general rule are that motions for default and default judgment, as well as voluntary motions of dismissal under Rule 41, may be brought in the district court in the first instance.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and to Judge Patricia C. Williams.

**DATED** this 16th day of January 2013.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE AND SETTING TRIAL DATE ~ 7